UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**NEW MEXICO TOP ORGANICS-ULTRA HEALTH, INC.,**

    **Plaintiff,**

                                                  Case No. 1:17-cv-00599-JAP-LF

v.

**LARRY KENNEDY, DAN MOURNING,**
**and RAINA BINGHAM, in their official capacities,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

In preparation for the upcoming non-jury trial and in compliance with this Court's Pretrial Order (Doc. 57), Plaintiff New Mexico Top Organics-Ultra Health, Inc. filed Plaintiffs' Motion in Limine to Exclude Defendants' Exhibits H and I (Doc. 61) in which it requested that the Court exclude from trial as irrelevant Defendants' Exhibit H, described as "Ultra Health's 'Freedom of Speech Timeline,'" and as irrelevant and prejudicial Defendants' Exhibit I, "Ultra-Health's 'High Times Cannabis Cup' Flyer." Defendants Larry Kennedy, Dan Mourning, and Raina Bingham filed their own Motion in Limine (Doc. 60), arguing in favor of including Defendants' Exhibits H and I, and asking the Court to exclude Plaintiff's proposed Exhibits 16 and 17, New Mexico Department of Health statistics, Exhibit 18, Ultra Health's Department of Health license renewal letter, and Exhibit 19, a copy of the New Mexico Lynn and Erin Compassionate Use Act. Both motions are fully briefed.[1] The Court, having considered the

---

[1] *See* DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE (Def. Resp.) (Doc. 62); PLAINTIFF'S REPLY ON ITS MOTION IN LIMINE TO EXCLUDE DEFENDANTS' EXHIBITS H AND I (Pl. Reply) (Doc. 66); PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE (Pl. Resp.) (Doc. 63); DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE (Def. Reply) (Doc. 64).

parties' briefing, arguments and relevant case law will grant in part and deny in part both parties' motions.

## I. LEGAL STANDARD

Courts have discretion in ruling on motions in limine. *See Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1249 (10th Cir. 2013). As noted, this case is scheduled for a non-jury trial. The Tenth Circuit has noted that "in bench trials questions raised relative to the admission or exclusion of evidence…become relatively unimportant, because the rules of evidence are intended primarily for the purpose of withdrawing from the jury matter which might improperly sway the verdict." *Tosco Corp. v. Koch Industries, Inc.*, 216 F.3d 886, 896 (10th Cir. 2000). Rather, there is a presumption in a bench trial that a court will consider only competent evidence and disregard any incompetent evidence. *See id.* But motions in limine can be useful procedural tools "necessary to facilitate the efficient administration of justice." *Grand Canyon Trust v. Public Serv. Co. of N.M.*, 294 F. Supp. 2d 1246, 1247 (D.N.M. 2003). "A motion in limine provides the court with the opportunity to rule on the admissibility of evidence and thus prevents encumbering the record with irrelevant material." *Id.*

## II. DISCUSSION

On May 31, 2017, Plaintiff New Mexico Top Organics-Ultra Health, Inc. (Plaintiff or Ultra Health) filed suit against three New Mexico State Fair officials, Defendants Larry Kennedy, Dan Mourning, and Raina Bingham (collectively, Defendants), seeking damages,[2] injunctive relieve, and declaratory judgment for alleged violation of its First Amendment right to free speech.[3] Ultra Health is a New Mexico non-profit corporation licensed by the State of New

---

[2] Plaintiff sued Defendants in their official capacities only. As such, Plaintiff's 42 U.S.C. § 1983 claim for monetary damages was barred by the Eleventh Amendment and the Court granted Defendants' Motion for Summary Judgment as to Plaintiff's claim for monetary damages. *See* Memorandum Opinion and Order (Doc. 42 at 7).
[3] *See* COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND DAMAGES (Doc. 1).

2

Mexico to produce, distribute and dispense medical cannabis and cannabis-derived products to patients enrolled in the New Mexico Department of Health (NMDOH) Medical Cannabis Program. Ultra Health alleges that Defendants impermissibly sought to restrict its constitutionally protected speech and engaged in viewpoint discrimination against Ultra Health by placing unreasonable restrictions on Ultra Health's exhibitor application for the 2017 State Fair in violation the First and Fourteenth Amendments to the United States Constitution. The relevant factual background to Plaintiff's claims is set forth more fully in the Court's April 10, 2018 Memorandum Opinion and Order (Doc. 42) pertaining to the parties' cross-motions for summary judgment and the Court will not repeat it here. However, the crux of the parties' dispute in this case centers on whether the challenged speech restriction was "reasonable" and "viewpoint neutral."

### A. PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' EXHIBITS H AND I

#### 1. Ultra-Health's "Freedom of Speech Timeline

On July 11, 2018, Plaintiff moved to exclude as evidence Ultra-Health's "Freedom of Speech Timeline." (Doc. 61 at 1-2). The timeline depicts a number of events beginning first in June 2016 with a statement that Ultra Health was denied sponsorship of the Albuquerque International Balloon Fiesta and ending on May 31, 2017, the day Ultra Health filed the complaint in this case. (*See* Doc. 61-1, Timeline). Plaintiff states that the timeline was created as part of a May 2017 press release related to the filing of the present lawsuit, and was not created by Plaintiff's counsel or for purposes of this litigation. (*See* Doc. 61-3, Press Release). Plaintiff contends that the timeline is not relevant under Federal Rule of Evidence 401[4], does not qualify

---

[4] Rule 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Only relevant evidence is admissible. *See* Fed. R. Evid. 402.

3

as summary evidence under Federal Rule of Evidence 1006[5], and is double hearsay. (Doc. 61 at 1-2; Doc. 66 at 2).

Both in their response to Plaintiff's motion and in their own motion, Defendants argue that the timeline is relevant because certain events on the timeline negate Plaintiff's claim that there is now a widespread policy of acceptance of medical cannabis throughout the State of New Mexico and its agencies. (Doc. 60 at 6; Doc. 62 at 2). Specifically, Defendants contend that statements in the timeline that the Albuquerque Balloon Fiesta and the New Mexico Department of Tourism rejected Plaintiff's request for sponsorship and application for New Mexico True Certification, respectively, "counter Plaintiff's universal approval argument." (Doc. 62 at 2). Defendants also argue that the timeline is admissible as non-hearsay because it was created by Plaintiff's employees and therefore is a statement of a party opponent under Rule 801(d)(2). (Doc. 60 at 6). Plaintiff vehemently rejects this argument, responding that the statements on the timeline represent double hearsay, be introduced through witness testimony, and create confusion given that the statements say nothing about why Ultra Health's applications to other entities' may have been denied. (Doc. 66 at 2).

The Court agrees that certain statements in the timeline contradict Plaintiff's claims regarding "official state policy" pertaining to medical cannabis (Doc. 63 at 7), and are therefore relevant to the question of whether Defendants' list of prohibitions was reasonable and viewpoint neutral. *See United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007) ("The bar for admission [of evidence] under Rule 401 is very low…This is because the degree of materiality and probativity necessary for evidence to be relevant is minimal and must only provide a fact-finder with a basis for making some inference, or chain of inferences." (internal quotation marks

---

[5] Under Rule 1006, a party "may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in the court."

4

and citation omitted)). The Court also finds the timeline is a non-hearsay statement of a party opponent. Under Rule 801(d)(2), a statement offered against an opposing party that was "made by the party in an individual or representative capacity," "is one the party manifested that it adopted or believed to be true," "was made by a person whom the party authorized to make a statement on the subject," or "was made by the party's agent or employee" is admissible as non-hearsay. Plaintiff acknowledged in its own motion in limine that the timeline was created by Ultra Health in conjunction with a press release pertaining to this lawsuit. Moreover, Plaintiff provided to the Court a copy of the press release which confirms that it was posted on Plaintiff's website. (Doc. 61 at 1). The Court will conditionally admit the timeline if Defendants lay proper foundation at trial.[6] Plaintiff's motion is denied as to Defendants' Exhibit H.

### 2. Ultra-Health's "High Times Cannabis Cup" Flyer

Plaintiff next asks the Court to exclude a flyer for the High Times U.S. Cannabis Cup in Las Vegas, Nevada from March 4 to March 5, 2017 on which Ultra Health's name and logo appear. (*See* Doc. 61-2, Ultra Health's High Times Cannabis Cup Flyer). Plaintiff argues that the flyer, which discusses an event sponsored by a separate and distinct Arizona company, Ultra Health, LLC, in a state that has legalized recreational sale of marijuana, is irrelevant to the activities of New Mexico Top Organics-Ultra Health, Inc. in New Mexico, where cannabis is only legal under state law for medicinal purposes. (Doc. 61 at 3). Plaintiff explains that Ultra Health, LLC is an Arizona based company that provides management and consultation to cannabis enterprises. (*Id.*). Plaintiff continues that Ultra Health, LLC took over management of New Mexico Top Organics which changed its name at that point to include the words "Ultra Health." (Doc. 61 at 3). According to Plaintiff, "Ultra Heath, LLC assists New Mexico Top

---

[6] In their arguments, both parties reference the press release in which the timeline was released. The Exhibit H at issue was produced to the Court as the timeline only. The press release was not offered and will not be considered.

Organics with management services, such as data analysis, logistics, accounting, and media relations." (*Id.*). However, New Mexico Top Organics-Ultra Health, which must conduct its operations intrastate, contends it did not participate in the event depicted in the flyer. (*Id.*). Plaintiff asserts that the flyer therefore is not relevant under Rule 401. Plaintiff further argues that the flyer carries a danger of creating unfair prejudice by conflating the message of Ultra Health, LLC at the Nevada Event with New Mexico Top Organics-Ultra Health's educational message at the New Mexico event. (Doc. 61 at 4).

In contrast, Defendants contend that the managing company Ultra Health "holds itself out to be one in the same as Plaintiff," noting that the full article on Ultra Health's website announcing the event states that "Ultra Health, a national medical cannabis leader *and New Mexico's largest provider*, is partnering with High Times, the premier cannabis brand for 42 years, to introduce the first High Times Las Vegas Cannabis Cup on March 4 and 5, 2017." (Doc. 62 at 3) (emphasis original). Defendants argue that the flyer, which incorporates Plaintiff's trademark and was included in an article on Plaintiff's website, is "relevant to show that previous events that Plaintiff has displayed cannabis related material, in a manner similar to what Plaintiff would have displayed in their proposed booth at the State Fair, requires attendees to be 21 years and older and is not family friendly." (Doc. 60 at 7). Defendants continue, "[a]s such, Defendants were in their purview to deny Plaintiff's application in order to preserve the policy of creating a family-friendly event." (Doc. 60 at 7). Finally, Defendants assert that Exhibit I is relevant to the anticipated testimony of Duke Rodriguez, Ultra Health, LLC's president, either on direct examination or cross-examination regarding the family friendliness of cannabis.

The Court first notes that the Tenth Circuit has held that exclusion of evidence as unfairly prejudicial under Rule 403 of the Federal Rules of Evidence is not proper in a bench trial. *See*

6

*United States v. Kienlen*, 349 Fed. Appx. 349, 351 (10th Cir. 2009) ("Other circuits have held, and we agree, that excluding evidence in a bench trial under Rule 403's weighing of probative value against prejudice [is] *improper*." (emphasis in original) (internal quotation marks and citation omitted)). Nevertheless, a flyer advertising a cannabis-related event in another state with different marijuana laws, in a different context, does not have any tendency to make more or less probable Defendants' claim regarding the reasonableness of their restrictions on Plaintiff or on the validity of any alleged educational message Plaintiff may have intended for the New Mexico State Fair. Accordingly, the Court will deny admission of the flyer and grant Plaintiff's Motion as to Defendant's Exhibit I.

**B. DEFENDANT'S MOTION IN LIMINE TO EXLCUDE PLAINTIFF'S EXHIBITS 16, 17, 18, and 19**

**1. New Mexico Department of Health Statistics (Exhibits 16 & 17)**

Defendants ask the Court to exclude Plaintiff's proposed Exhibit 16, statistics published by the NMDOH Medical Cannabis Program as to the number of qualified patients enrolled in program as of April 2018, and Exhibit 17, statistics published by NMDOH as to the number of qualified patients enrolled in the program as of November 2017, claiming the exhibits are irrelevant, inadmissible hearsay, and lack authenticity. (Doc. 60 at 2). Defendants contend that Plaintiff cannot put forth any evidence to indicate first-hand knowledge of the accuracy or reliability of the statistics in Exhibits 16 and 17, which are not self-authenticating and are otherwise inadmissible hearsay. (Doc. 60 at 3). Defendants further argue that the number of New Mexicans enrolled in the medical cannabis program in November 2017 and April 2018 is not relevant to the question of whether the State Fair's prohibited items provision is reasonable and viewpoint neutral. (Doc. 60 at 3). Defendants' position is that regardless of the number of New Mexicans enrolled in the program, "cannabis remains an illegal Schedule I drug under the

7

Federal Controlled Substances Act," and the State Fair prohibits the "display, sale, or distribution of all illegal drugs and drug paraphernalia" to maintain a safe and family-friendly event. (Doc. 60 at 4). Defendant further maintains that there is no case law "to suggest that a defendant, who runs a limited public forum, in making a policy determination that may prohibit speech, must only do so after studying all possible empirical data." (Doc. 64 at 2).

Plaintiff counters in its response that the NMDOH statistical reports are subject to the hearsay exception under Rule 803(8) relating to public records. Plaintiff further argues that authentication requirements under Rule 901(b)(7) for public records are "not onerous," and proposes that Plaintiff's witnesses Duke Rodriguez, a principal of Ultra Health, or Leigh Jenke, an Ultra Health employee, can offer foundation for the NMDOH statistical reports "because they are intimately familiar and work regularly with the DOH's Medical Cannabis Program." (Doc. 63 at 2-3). Plaintiff states that the NMDOH statistical reports are relevant "to the issue of Defendants' 'reasonableness' in coming to the conclusion that images of medical cannabis would be counter to a safe and family-friendly fair." (Doc. 63 at 4).

The Court finds that the NMDOH statistical reports marginally survive the low Rule 401 relevancy threshold, to the extent that the reports tend to make more or less probable the reasonableness or lack thereof of Defendants' restrictions on Plaintiff for the 2017 State Fair. Rule 803(8) provides in relevant part that a record or statement of a public office is not hearsay if it sets out "the office's activities," "a matter observed while under a legal duty to report," and "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." The Court notes that not all documents maintained by public agencies fall within the public records exception or have the same indicia of reliability as official records such as birth and death certificates and other records of vital statistics. *See Freeman v. Town of*

*Hudson*, 714 F.3d 29, 36 (1st Cir. 2013) (rejecting "the expansive view that any document held in a public repository falls within the category of extrinsic materials that may be considered" in the context of a motion to dismiss). However, under the Lynn and Erin Compassionate Use Act (the Act), NMSA 1978, § 26-2B-7, the NMDOH is required to maintain a confidential file containing information pertaining to those who have applied for or received a registry identification card for the Medical Cannabis Program. The NMDOH is also tasked with evaluating implementation of the Act by providing assessment reports to the secretary of the department. *See* NMAC 7.34.4.28. Reports regarding the number of individuals enrolled in the Medical Cannabis Program at any given moment are documents prepared by state public officials as required by the nature of their office, and Defendants have not shown that the information contained in the reports lacks trustworthiness. Accordingly, the NMDOH statistical reports are admissible under Rule 803 (8). However, that does not end the Court's inquiry.

Plaintiff proposes to authenticate the reports through witnesses Duke Rodriquez or Leigh Jenke, neither of whom work for the NMDOH. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Plaintiffs rely on Rule 901(b)(7) which provides that evidence "a document was recorded or filed in a public office as authorized by law" or that "a purported public record or statement is from the office where items of this kind are kept" is sufficient to authenticate a public record, and 901(b)(1) which provides that "[t]estimony that an item is what it is claimed to be" is also sufficient. The Court has reservations about Plaintiff's method of asserting that its proposed witness testimony will authenticate these reports. Despite these hesitations, the Court will reserve ruling on the admissibility of Exhibits 16 and 17 until hearing the proposed foundational testimony at trial.

## 2. Ultra Health Licensure Renewal Letter (Exhibit 18)

Defendants ask the Court to exclude Plaintiff's proposed Exhibit 18, Ultra Health's 2017 licensure renewal letter from NMDOH as irrelevant under Rule 401 in part because Defendants are not challenging the validity of Plaintiff's license to produce, distribute, and sell medical cannabis. (Doc. 60 at 5). Defendants also challenge admission of the license renewal letter under Rule 403, arguing it will confuse the issues and create undue delay. Plaintiff responds that proof of a valid license from the State of New Mexico to produce and dispense medical cannabis is relevant to the issue of whether Defendants' prohibitions were reasonable. (Doc. 63 at 5-6).

Because this is a non-jury trial where the concerns of Rule 403 apply differently because the Court, rather than the jury, is the final decision maker, *see Kienlen*, 349 Fed. Appx. at 351, and Defendants concede that Plaintiff was a properly licensed by the New Mexico Department of Health as a medical cannabis producer, the Court can see no reason to exclude Exhibit 18 and will admit it.

## 3. Copy of the Lynn and Erin Compassionate Use Act (Exhibit 19)

As with Ultra Health's license renewal letter, Defendants assert the Lynn and Erin Compassionate Use Act (the Act), NMSA 1978, § 26-2B-1, et seq., is not relevant because "[t]he legality of medical cannabis in New Mexico has no bearing on the federal prohibition of cannabis as a Schedule I narcotic," and will only serve to confuse the issues, particularly given anticipated questioning by Plaintiff of Defendants Bingham and Mourning "regarding the ins and outs of [the Act]," which Defendants claim is irrelevant because Plaintiff's application on its face violated the State Fair's prohibited items provision. (Doc. 60 at 6; Doc. 64 at 3). Plaintiff admits that copies of legal authority are not typically admitted as exhibits at trial, but argues that the official position of New Mexico, as described in the Act, "is that medical cannabis has beneficial

use and therefore is safe enough that sick people should be allowed to use it." (Doc. 63 at 6-7). Plaintiff continues that Defendants' position "that medical cannabis is unsafe and un-family-friendly, such that not even pictures of it may appear at the Fair," is incongruous to official state policy therefore rendering the prohibitions unreasonable. As such, Plaintiff maintains that it must be able to ask witnesses about their knowledge of New Mexico's law at the time Ultra Health's 2017 State Fair application was reviewed. (Doc. 63 at 7). Plaintiff suggests that the statute has been identified as expressing clear public policy and is therefore also relevant to the question of viewpoint neutrality. (Doc. 63 at 7) (quoting *Lewis v. Am. General Media*, 2015-NMCA-090, ¶ 26, 355 P.3d 850, 857).

Although somewhat unorthodox for a party to introduce a statute into the record as an exhibit, no one is contesting that the State of New Mexico legalized medical cannabis under the Lynn and Erin Compassionate Use Act. The Court could, of course, take judicial notice of a state statute. *See U.S. v. One (1) 1975 Thunderbird 2-Door Hardtop,* 576 F.2d 834, 836 (10th Cir. 1976) ("The trial judge clearly had a right to take judicial notice of the state statutes." (citing *Owings v. Hull*, 34 U.S. 607, 625 (1835))). And as with Exhibit 18, here too, the Court is not concerned in a bench trial that the Act will confuse the issues. Seeing no reason to exclude Exhibit 19, the Court will allow it, may limit its use during testimony as necessary at trial based on relevancy.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion in Limine to Exclude Defendant's Exhibits H and I (Doc. 61) is GRANTED in part and DENIED in part; and

2. Defendant's Motion in Limine (Doc 60) is GRANTED in part and DENIED in part.

3. The Court will conditionally admit Defendants' Exhibits H, Ultra Health's "Freedom of Speech Timeline," provided Defendants lay a proper foundation at trial.

4. The Court will deny admission of Defendants' Exhibit I, Ultra Health's "High Times Cannabis Cup" Flyer.

5. The Court will reserve ruling on admission of Plaintiff's Exhibits 16 and 17, NMDOH Statistical reports, until trial.

6. The Court will admit Plaintiff's Exhibit 18, Ultra Health's Licensure Renewal Letter.

7. The Court will admit Plaintiff's Exhibit 19, a Copy of the Lynn and Erin Compassionate Use Act.

*/s/ James A. Parker*
SENIOR UNITED STATES DISTRICT JUDGE