UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

NEW MEXICO TOP ORGANICS-ULTRA HEALTH, INC.,

    Plaintiff,

                                                    Case No. 1:17-cv-00599-JAP-LF

v.

LARRY KENNEDY, DAN MOURNING,
and RAINA BINGHAM, in their official capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On January 16, 2019 this Court entered a final judgment in favor of Plaintiff New Mexico Top Organics-Ultra Health. (Doc. 73). The Judgment incorporated the Court's Findings of Fact, Conclusions of Law, and Order (Doc. 72), in which the Court stated that it would award reasonable attorney fees and costs to Plaintiff as the prevailing party under 42 U.S.C. § 1988. The Court additionally requested that Plaintiff file an itemization of attorney fees and costs by January 30, 2019. On January 30, 2019, Plaintiff filed Plaintiff's Motion for Attorney Fees and Costs (Motion) (Doc. 74), requesting $92, 624.00 in fees and $868.44 in costs, plus New Mexico gross receipts taxes at 8.4375% on the fees. On March 13, 2019, Defendants Larry Kennedy, Dan Mourning, and Raina Bingham (Defendants) filed their response to Plaintiff's Motion. (Response) (Doc. 80). Defendants do not challenge that Plaintiff is the prevailing party for purposes of 42 U.S.C. § 1988, but contend that Plaintiff's requested attorney's fees are unreasonable "given Plaintiff's limited success in bringing its lawsuit." (Doc. 80 at 2). Defendants also challenge as excessive, redundant, or unnecessary, some of the hours Plaintiff claims its counsel expended on this case. Plaintiff has filed a reply to Defendants' arguments. (Reply) (Doc. 83). The Court, having considered the parties' briefs, exhibits, and relevant law will grant Plaintiff's Motion in part and deny it in part.

1

# DISCUSSION

Section 1988 provides that, in certain civil rights actions, including those brought under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988(b). In addition to attorney fees, a prevailing party in a civil rights action is normally entitled to costs under 28 U.S.C. § 1920. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.,* 157 F.3d 1243, 1249 (10th Cir. 1998). "A plaintiff who succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit is a prevailing party." *Id.* (internal quotation marks and citation omitted) (alteration in original). "[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983) (internal quotation marks and citation omitted). Defendants do not dispute that Plaintiff was a prevailing party under the statute, nor do Defendants contend that an award of attorney's fees would be unjust. Rather, Defendants challenge the reasonableness of the requested award.

### A. Attorney's Fees

"To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Id.* Counsel for the party claiming the fees has the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Case,* 157 F.3d at 1249-50. The Court must examine the records to determine whether specific tasks are properly chargeable and then if the hours expended on each are reasonable. *Id.* at 1250. "The prevailing party must make a good-faith effort to exclude from a fee

2

request, hours that are excessive, redundant, or otherwise unnecessary." *Jane L. v. Bangerter,* 61 F.3d 1505, 1510 (10th Cir. 1995) (internal quotation marks and citation omitted). Moreover, the hourly rates requested by counsel must reflect the prevailing market rates in the community. *Id.* Finally, certain factors may cause the court to adjust a fee upward or downward, "including the important factor of the 'results obtained.'" *Hensley,* 461 U.S. at 434.

In addition to the parties' briefing and relevant law, the Court has reviewed billing statements for Plaintiff's attorneys Mr. Brian Egolf and Ms. Kristina Caffrey, *see* Pl. Ex. 1, affidavits from Mr. Egolf and Ms. Caffrey pertaining to their respective education and experience, *see* Pl. Exs. 3 & 4, and affidavits from New Mexico attorneys Joleen Youngers and John Bienvenu discussing the reasonableness of Plaintiff's requested hourly rates, *see* P. Exs. 5 & 6.

The Court will grant Plaintiff's request for attorney fees but will reduce the $92, 624.00 fee request to reflect some duplicative work charged, block billing entries, and excessive time spent on certain matters. Moreover, though Plaintiff is the undisputed prevailing party for purposes of 42 U.S.C. § 1988, the Court will also adjust the fee award downward slightly to reflect that Plaintiff obtained less than the full relief requested. Summary judgment was granted in Defendants' favor on Plaintiff's request for monetary damages as precluded by the Eleventh Amendment, and the Court significantly narrowed the scope of the injunctive relief Plaintiff had requested. *See Barber v. T.D. Williamson, Inc.,* 254 F.3d 1223, 1230-31 (10th Cir. 2001) (analyzing the difference between the relief a plaintiff sought and the relief a plaintiff recovered in determining the reasonableness of attorney's fees). Nevertheless, the Court agrees with Plaintiff that this First Amendment case serves a public purpose by affirming an important right and encouraging attorneys to represent civil rights litigants, and the award reflects this. *See Barber v. T.D. Williamson, Inc.,* 254 F.3d at 1231 (viewing the public purpose served by a civil rights plaintiff in broad terms and recognizing that courts have concluded "that a public goal is

3

accomplished if the plaintiff's victory encourages attorneys to represent civil rights litigants, affirms an important right, and/or provokes a change in the defendant's conduct"). The hourly rates requested by Plaintiff's counsel are $350 for Mr. Egolf, $275 for Ms. Caffrey, and $120 for paralegal work. Defendants did not challenge the reasonableness of Plaintiff's requested hourly rates for counsel or for paralegal work, and the Court will not alter the hourly rates. The Court will award Plaintiff's counsel $81,000.00 in attorney fees, plus applicable gross receipts taxes.

### B. Costs

For items not reimbursable as attorney's fees under 42 U.S.C. § 1988, the general costs statute, 28 U.S.C. § 1920 is controlling. Section 1920 allows certain costs including fees of the clerk, fees for recorded transcripts necessarily obtained for use in the case, fees for witnesses, compensation for court appointed experts and interpreters, docket fees, and fees to cover the costs of making copies of any materials where the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920. Plaintiff provided a list of costs incurred by Plaintiff in this case. *See* Pl. Ex. 2. Defendants do not challenge the costs, and the costs listed fall within the gambit of 28 U.S.C. § 1920 and appear to the Court to be reasonable. Accordingly, the Court will grant Plaintiff's full request for costs in the amount of $868.44.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Attorney Fees and Costs (Doc. 74) is granted in part and denied in part. The Court grants Plaintiff's full request for costs but reduces the amount of attorney fees requested. Accordingly, the Court awards Plaintiff $81,000.00 in attorney's fees, plus New Mexico gross receipts tax at 8.4375%, and $868.44 in costs.

*[signature]*

SENIOR UNITED STATES DISTRICT JUDGE